**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **JAMAL AL-SARRAF,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CLARITY SERVICES, INC.,**<br><br>**Defendant.** | C.A. No:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, JAMAL AL-SARRAF ("Plaintiff"), by and through the undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, CLARITY SERVICES, INC. ("Clarity"), and states the following:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against Defendant Clarity for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2. Clarity maintains a consumer file concerning Plaintiff that contains extensive identifying information belonging to one or more other individuals, including another person's name, incorrect dates of birth, incorrect driver's license information, incorrect email addresses, and residential addresses in states where Plaintiff has never lived.

3. The mutually inconsistent information contained within Clarity's own records demonstrates that Clarity failed to employ reasonable procedures to assure the maximum possible accuracy of consumer reports concerning Plaintiff.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

5. This Court also has jurisdiction pursuant to 15 U.S.C. § 1681p, which authorizes an action to enforce liability under the FCRA in any appropriate United States district court without regard to the amount in controversy.

6. Defendant Clarity Services, Inc. is a Delaware corporation and is therefore subject to personal jurisdiction in Delaware.

7. Venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

**PARTIES**

8. Defendant Clarity Services, Inc. (“Clarity”) is a Delaware corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626.

9. Clarity is a wholly owned subsidiary of Experian and operates as part of Experian's consumer information services business.

10. Clarity may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

11. Clarity is a nationwide “Consumer Reporting Agency” (“CRA”) within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose

of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Clarity is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

12. On or about July 23, 2026, Plaintiff requested and obtained a copy of his consumer credit disclosure from Clarity, Reference No. YE38ZPZV (the "Clarity Disclosure").

13. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Clarity was required to make the disclosures required by the FCRA, including clearly and accurately disclosing the sources of the information in Plaintiff's file as required by § 1681g(a)(2).

### Clarity Reports the Identity of "Jaime Hernandez" in Plaintiff's File

14. Plaintiff's name is Jamal Al-Sarraf.

15. Plaintiff has never used, been known by, applied for credit under, or otherwise identified himself by the name Jaime Hernandez.

16. Plaintiff does not know a person named Jaime Hernandez whose information should properly appear in Plaintiff's Clarity file.

17. The Clarity Disclosure identifies "JAIME HERNANDEZ" as a name associated with Plaintiff's consumer file.

18. Clarity reports that the Jaime Hernandez name was first reported on or about October 12, 2023, and was reported again through approximately April 9, 2024.

19. The Jaime Hernandez name is not a misspelling, abbreviation, formatting variation, or other reasonable variation of Plaintiff's name.

20. The inclusion of the name Jaime Hernandez in Plaintiff's consumer file is inaccurate.

21. The appearance of an unrelated individual's name in Plaintiff's file indicates that information concerning another consumer was matched to Plaintiff.

**Clarity Reports Three Incorrect Dates of Birth**

22. Plaintiff has one true and correct date of birth.

23. The Clarity Disclosure nevertheless associates Plaintiff with multiple materially conflicting dates of birth, only one of which is Plaintiff's actual date of birth.

24. The additional dates of birth Clarity associates with Plaintiff are inaccurate and do not belong to him.

25. A single consumer cannot simultaneously possess four different dates of birth.

26. Date of birth is a fundamental identifier used by consumer reporting agencies to distinguish one consumer from another.

27. Reasonable identity matching procedures would have detected that these mutually exclusive dates of birth could not all belong to Plaintiff.

**Clarity Reports Numerous Incorrect Driver's Licenses**

28. Plaintiff's correct driver's license is a Texas driver's license ending in 7842.

29. The Clarity Disclosure nevertheless associates Plaintiff with numerous other driver's license identifiers purportedly issued by multiple states.

30. Among other things, Clarity associates Plaintiff's file with driver's license information from California, Iowa, Indiana, Missouri, Tennessee, Texas, and Wisconsin.

31. Except for Plaintiff's correct Texas driver's license ending in 7842, the other driver's license information attributed to Plaintiff is inaccurate and does not belong to him.

32. In several instances, Clarity associates the same or substantially similar driver's license identifier with different issuing states.

33. A driver's license number and issuing state are material identifying information used to distinguish consumers from one another.

34. Reasonable procedures would not have resulted in one consumer being simultaneously associated with numerous inconsistent driver's licenses from numerous different states.

**Clarity Reports Residential Addresses in States Where Plaintiff Has Never Lived**

35. Plaintiff has only ever lived in Texas and California.

36. Plaintiff has never resided in Iowa.

37. Plaintiff has never resided in Wisconsin.

38. Plaintiff has never resided in Missouri.

39. Plaintiff has never resided in Tennessee.

40. Plaintiff has never resided in any state other than Texas and California.

41. Nevertheless, the Clarity Disclosure associates Plaintiff with numerous residential addresses outside Texas and California.

42. These include addresses in: Des Moines, Iowa, Windsor Heights, Iowa, Schofield, Wisconsin, Versailles, Missouri, and Milton, Tennessee.

43. The foregoing addresses do not belong to Plaintiff.

44. The presence of numerous false residential addresses in multiple states is consistent with information belonging to another consumer having been improperly associated with Plaintiff.

45. Clarity's own records contain information sufficient to demonstrate that the residential histories attributed to Plaintiff are mutually inconsistent.

**Clarity Reports Email Addresses That Do Not Belong to Plaintiff**

46. Plaintiff has never used or owned the email address NEWBEGAININGS3@GMAIL.COM.

47. Plaintiff has never used or owned the email address JAMAL.ALSARRAF@ICLOUD.COM.

48. Clarity associates both email addresses with Plaintiff's consumer file.

49. These email addresses are inaccurate as to Plaintiff.

50. The false email addresses provide still further evidence that information concerning another individual has been associated with Plaintiff's file.

**Clarity's File Contains Mutually Inconsistent Core Identifiers**

51. The inaccuracies described above are not isolated typographical errors.

52. Clarity's own file simultaneously associates Plaintiff with the unrelated identity Jaime Hernandez, three incorrect dates of birth, numerous incorrect driver's license identifiers, driver's licenses purportedly issued by states unrelated to Plaintiff, numerous residential addresses in states where Plaintiff has never lived, and email addresses that Plaintiff has never used.

53. Names, dates of birth, driver's license numbers, issuing states, residential addresses, and email addresses are core identifying information.

54. Consumer reporting agencies use such information to distinguish one consumer from another and to determine whether information received from a lender, creditor, or other source belongs in a particular consumer's file.

55. The sheer volume and nature of the conflicting information contained in Plaintiff's file demonstrates that Clarity's matching procedures were insufficient to distinguish Plaintiff from one or more unrelated consumers.

56. No reasonable procedure designed to assure maximum possible accuracy should conclude that the materially inconsistent information described herein all concerns the same individual.

57. Clarity's own records therefore reveal substantial defects in the procedures it used to match information to Plaintiff.

**Clarity's Tracking Information Further Demonstrates the Mixed-File Problem**

58. Clarity's Disclosure explains that the "Tracking #" associated with information in the report allows information originating from the same inquiry to be associated together.

59. According to Clarity, when the same tracking number appears with a name, date of birth, driver's license, address, or other identifying information, those data elements originated from the same inquiry.

60. Accordingly, Clarity possessed the ability to determine which inquiry or application supplied particular identifying information.

61. Clarity's own Disclosure associates materially inaccurate identifying information with specific inquiry events.

62. For example, the tracking information associated with the unrelated name Jaime Hernandez corresponds with credit application activity appearing elsewhere in Plaintiff's file.

63. Likewise, residential addresses in states where Plaintiff has never lived are connected through Clarity's tracking system with inquiry and credit application activity.

64. Thus, Clarity's own data contained obvious discrepancies demonstrating that particular applications or inquiries involved information materially inconsistent with Plaintiff's actual identity.

65. Nevertheless, Clarity associated that information with Plaintiff.

66. Upon information and belief, Clarity prepared and/or furnished consumer reports or consumer report information concerning Plaintiff to third parties in connection with one or more inquiries reflected in Plaintiff's file.

67. Upon information and belief, one or more such reports contained or were generated from the materially inaccurate and mixed identifying information described herein.

**Clarity Failed to Employ Reasonable Procedures to Assure Maximum Possible Accuracy**

68. The FCRA requires a consumer reporting agency, whenever it prepares a consumer report, to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.

69. The multiple mutually exclusive identifiers in Plaintiff's Clarity file demonstrate that Clarity failed to employ reasonable procedures for matching consumer information.

70. Clarity had numerous opportunities to identify the mismatch.

71. For example, the information purportedly concerning Plaintiff reflected different names, different dates of birth, different driver's license numbers, different driver's license states, different residential states, and different email addresses.

72. These discrepancies involved precisely the type of personal identifying information designed to distinguish one individual from another.

73. Reasonable matching procedures would have prevented information concerning Jaime Hernandez and other unrelated individuals from being associated with Plaintiff.

74. Reasonable matching procedures would likewise have prevented credit application information using false dates of birth, false driver's licenses, false email addresses, and addresses in states where Plaintiff never lived from being incorporated into Plaintiff's consumer file.

75. Clarity's failure to employ reasonable procedures created an unreasonable risk that information belonging to another consumer would be attributed to Plaintiff.

76. Clarity's failure also created an unreasonable risk that Plaintiff's own consumer information would be furnished in response to an application or inquiry concerning an unrelated individual.

**Clarity Failed to Clearly Disclose the Sources of the Inaccurate Identifying Information**

77. Upon Plaintiff's request for his consumer disclosure, Clarity was required under the FCRA to make the disclosures required by 15 U.S.C. § 1681g(a), including the source information required by § 1681g(a)(2).

78. The Clarity Disclosure revealed that Plaintiff's consumer file contained materially inaccurate and conflicting identifying information, including the unrelated name Jaime Hernandez, multiple incorrect dates of birth, numerous incorrect driver's license identifiers, residential addresses in states where Plaintiff has never lived, and email addresses Plaintiff has never used.

79. Although Clarity disclosed this materially conflicting identifying information, it did not clearly and accurately identify the source or sources from which the inaccurate information originated.

80. Clarity's Disclosure therefore did not enable Plaintiff to determine the source responsible for supplying the inaccurate identifying information or how information belonging to one or more unrelated individuals became associated with Plaintiff's consumer file.

81. The absence of clear source information materially impaired Plaintiff's ability to understand the origin of the inaccurate information contained in his file and to identify the person or entity responsible for supplying that information.

82. Clarity maintained information sufficient to associate identifying information with particular inquiries through the tracking numbers contained in its own records, yet failed to clearly disclose the source or sources of the inaccurate identifying information associated with Plaintiff.

**Plaintiff's Injuries**

83. Clarity's inaccurate reporting caused Plaintiff a concrete and particularized injury.

84. Plaintiff was forced to review a lengthy consumer disclosure and determine which portions of the personal identifying information attributed to him were false.

85. Plaintiff was required to expend additional time and effort identifying the extent of the inaccurate information in his consumer file.

86. Plaintiff experienced frustration, concern, aggravation, and inconvenience upon learning that Clarity maintained another person's name and numerous other false identifiers in a file purporting to concern Plaintiff.

87. Plaintiff has legitimate concern regarding how his personal information has been matched, maintained, and furnished by Clarity, particularly because Clarity's file associates his identity with inquiries involving information that does not belong to him.

88. Plaintiff has hired the undersigned counsel to represent him in this matter and has assigned to the undersigned counsel the right to obtain reimbursement for his reasonable fees and costs.

**COUNT I**

**CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)**

89. Plaintiff adopts and incorporates paragraphs 1 through 88 above, as if fully stated herein.

90. Pursuant to 15 U.S.C. § 1681e(b), whenever Clarity prepares a consumer report it is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

91. Clarity violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of consumer reports concerning Plaintiff.

92. Specifically, Clarity associated Plaintiff with an unrelated individual's name, three incorrect dates of birth, numerous incorrect driver's license identifiers, driver's licenses issued by numerous different states, residential addresses in states where Plaintiff has never lived, and email addresses Plaintiff has never used.

93. Clarity's own records contained obvious and irreconcilable identifying discrepancies sufficient to alert a reasonable consumer reporting agency that the information did not all concern Plaintiff.

94. Clarity maintained the inaccurate information and, upon information and belief, used that information when preparing and furnishing consumer reports concerning Plaintiff.

95. Clarity acted knowingly or recklessly because its procedures permitted information containing materially inconsistent core identifiers to be associated with the same consumer despite an obvious and substantial risk that the information concerned different individuals.

96. Clarity knew, or recklessly disregarded, that inadequate identity matching procedures could produce mixed consumer files and inaccurate consumer reports.

97. Clarity is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1681n for actual or statutory damages as permitted by law, punitive damages, costs, and reasonable attorney's fees.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment against Defendant Clarity, awarding Plaintiff the following relief:

a. Plaintiff's actual damages or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d. Such other relief this Court deems just and proper.

## COUNT II

## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

98. Plaintiff adopts and incorporates paragraphs 1 through 88 above, as if fully stated herein.

99. Plaintiff pleads this Count in the alternative to Count I, to the extent Clarity's noncompliance is determined not to have been willful.

100. Clarity had a legal duty pursuant to 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure the maximum possible accuracy of consumer reports concerning Plaintiff.

101. Clarity breached this duty by employing inadequate procedures for matching identifying information to Plaintiff's consumer file.

102. As a result of those inadequate procedures, Clarity associated Plaintiff with an unrelated name, incorrect dates of birth, incorrect driver's license information, false residential addresses, and false email addresses.

103. A consumer reporting agency exercising reasonable care would not have associated a single consumer with the volume of mutually inconsistent identifying information contained in Plaintiff's file.

104. Clarity's failure to employ reasonable procedures resulted in inaccurate and materially misleading information being maintained and, upon information and belief, furnished concerning Plaintiff.

105. Clarity's violation proximately caused actual damages to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment against Defendant Clarity, awarding Plaintiff the following relief:

a. Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief this Court deems just and proper.

**COUNT III**

**CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)**

106. Plaintiff adopts and incorporates paragraphs 1 through 88 above, as if fully stated herein.

107. Pursuant to 15 U.S.C. § 1681g(a)(2), upon Plaintiff's request for his consumer disclosure, Clarity was required to clearly and accurately disclose the sources of the information contained in Plaintiff's consumer file as required by the FCRA.

108. Clarity violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose the source or sources of the materially inaccurate and conflicting identifying information contained in Plaintiff's file.

109. Specifically, Clarity's Disclosure associated Plaintiff with the unrelated name Jaime Hernandez, multiple incorrect dates of birth, numerous incorrect driver's license identifiers, residential addresses in states where Plaintiff has never lived, and email addresses Plaintiff has never used, without clearly disclosing the source or sources from which that inaccurate identifying information originated.

110. As a result, Plaintiff was unable to determine from the Clarity Disclosure how the identifying information of one or more unrelated individuals became associated with his consumer file or the source responsible for supplying that information.

111. The failure to clearly disclose the source or sources of the inaccurate information materially impaired Plaintiff's ability to understand his consumer file, determine the origin of the inaccurate information, and take appropriate steps to address the mixed and inaccurate information Clarity associated with his identity.

112. Clarity acted knowingly or recklessly because it maintained and disclosed materially conflicting identifying information concerning Plaintiff while failing to clearly and accurately identify the source or sources of that information as required by 15 U.S.C. § 1681g(a)(2).

113. Clarity is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1681n for actual or statutory damages as permitted by law, punitive damages, costs, and reasonable attorney's fees.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment against Defendant Clarity, awarding Plaintiff the following relief:

a. Plaintiff's actual damages or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d. Such other relief this Court deems just and proper.

## COUNT IV

## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)

114. Plaintiff adopts and incorporates paragraphs 1 through 88 above, as if fully stated herein.

115. Plaintiff pleads this Count in the alternative to Count III, to the extent Clarity's noncompliance is determined not to have been willful.

116. Pursuant to 15 U.S.C. § 1681g(a)(2), Clarity had a legal duty, upon Plaintiff's request for his consumer disclosure, to clearly and accurately disclose the sources of the information contained in Plaintiff's consumer file as required by the FCRA.

117. Clarity breached this duty by failing to clearly and accurately disclose the source or sources from which the materially inaccurate and conflicting identifying information contained in Plaintiff's file originated.

118. Specifically, Clarity failed to clearly disclose the source or sources upon which it relied in associating Plaintiff with the unrelated name Jaime Hernandez, multiple incorrect dates of birth, numerous incorrect driver's license identifiers, residential addresses in states where Plaintiff has never lived, and email addresses Plaintiff has never used.

119. As a result of Clarity's failure to clearly disclose the sources of this information, Plaintiff was unable to determine from his consumer disclosure how information belonging to one or more unrelated individuals became associated with his file or the source responsible for supplying that information.

120. Clarity's violation proximately caused actual damages to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment against Defendant Clarity, awarding Plaintiff the following relief:

a. Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: September 17, 2026.

Respectfully submitted,

*/s/ Antranig Garibian*

Antranig Garibian, Esquire (DE BAR 4962)
Garibian Law Offices, P.C.
Brandywine Plaza East
1523 Concord Pike, Suite 400
Wilmington, DE 19803
Tel: (302) 722-6885
*Attorneys for Plaintiff*